UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICKEY SHOEMAKER                                                    PETITIONER

VERSUS                                        CIVIL ACTION NO. 3:20-51-HTW-RPM

WARDEN JAMES MILLER                                          RESPONDENT

## REPORT AND RECOMMENDATIONS
### Procedural and Factual Background

On January 29, 2020, Rickey Shoemaker filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his conviction and sentence on charges of sexual battery (Count I) and gratification of lust (Count II). Petitioner was tried by a jury in Rankin County Circuit Court and found guilty. Doc. [8-2] at 14-15. Petitioner's granddaughter, who was fourteen years old at the time of trial, testified that Petitioner sexually abused her from the time she was five or six years old until she was eleven or twelve. *Shoemaker v. State of Mississippi*, 256 So.3d 604, 607-08 (Miss. Ct. App. 2018). Petitioner's adult stepdaughter testified that when she was a child Petitioner committed similar acts against her. *Id.* at 608-09. Petitioner testified on his own behalf and denied the accusations. *Id.* at 609.

Following the conviction, the trial judge sentenced Petitioner to concurrent 15-year prison terms, with five years suspended and five years of supervised probation. Doc. [8-2] at 16-19. Petitioner is currently in the custody of the Mississippi Department of Corrections serving his sentence. On direct appeal, the Mississippi Court of Appeals affirmed Petitioner's conviction and sentence. *See Shoemaker*, 256 So.3d 604. Petitioner next filed a motion for post-conviction relief in the Mississippi Supreme Court. Doc. [8-13] at 5-21. The Mississippi Supreme Court denied his petition. *Id.* at 2-3. Petitioner then sought relief in federal court through 28 U.S.C. § 2254.

In the instant § 2254 petition, Petitioner raises the following claims: (1) the indictment was faulty because it failed to include the word "feloniously"; (2) counsel was ineffective because he failed to object to the faulty indictment; and (3) counsel failed to allow Petitioner to be present while picking the jury. Doc. [1]. Respondent counters that Petitioner's first claim is procedurally barred from habeas review because he failed to raise the issue at trial or on direct appeal. Doc. [7] at 7-10. Respondent concedes that Petitioner raised the ineffective assistance of counsel claims in his motion for post-conviction relief; therefore, the issues were decided on the merits prior to Petitioner seeking § 2254 habeas relief. *Id.* at 10.

## Law and Analysis

### Standard of Review

The claims raised in Petitioner's § 2254 petition were presented to the Mississippi Supreme Court in a motion for post-conviction relief. Accordingly, the Court must consider those claims in light of 28 U.S.C. § 2254 (d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(2) applies to a state court's factual determinations, and subsection (d)(1) governs review of questions of law and mixed questions of law and fact. *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000).

As to questions of law, a federal court must defer to the state court's decision on the merits of such claim unless that decision was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court.  A state court decision is contrary to federal law when the state court reaches a conclusion opposite to that of the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts. *Murphy v. Dretke*, 416 F.3d 427, 432 (5th Cir. 2005).  A state court decision involves an unreasonable application of federal law when the state court properly identifies the applicable federal principle but unreasonably applies the principle to the facts of the petitioner's case.  *Id.* As to questions of fact, federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000).  Section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).  A federal habeas court presumes that the state court's findings of fact are correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Murphy*, 416 F.3d at 432.  As both the United States Supreme Court and the Fifth Circuit have recognized, a criminal defendant is not constitutionally entitled to a perfect trial, just a fair one.  *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986); *Sawyer v. Butler*, 848 F.2d 582, 594 (5th Cir. 1988).

**<u>Faulty Indictment</u>**

Petitioner asserts that the indictment was faulty because it excluded "words of substance."  Doc. [1] at 6.  Specifically, he contends that the indictment should have included the

word "feloniously".  *Id.* at 17-18.  According to Petitioner, this omission rendered the indictment void.  Respondent counters that this claim is procedurally barred from federal habeas review.

Petitioner challenged the sufficiency of the indictment in his motion for post-conviction relief.  The Mississippi Supreme Court denied the claim finding that it was "waived pursuant to Mississippi Code Section 99-39-21(1) (Rev. 2015), as it was not presented to the trial court or on direct appeal."  "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment."  *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001).  State procedural bars are independent and adequate when the state has strictly or regularly applied them to the vast majority of similar cases.  *Id.*  Petitioner bears the burden of showing that the state does not strictly or regularly follow the procedural bar.  *Williams v. Puckett*, 283 F.3d 272, 280 (5th Cir. 2002).  Mississippi's contemporaneous objection rule, Miss. Code Ann. 99-39-21(1), has long been recognized as an independent and adequate state ground foreclosing federal review of procedurally defaulted claims.  *Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999); *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992).  Petitioner has not demonstrated an "inconsistent and irregular" application of the procedural bar imposed in this case.  *Stokes v. Anderson*, 123 F.3d 858, 861 (5th Cir. 1997).  Consequently, the undersigned finds that Petitioner's claim is procedurally barred.

The Supreme Court has identified narrow exceptions to state procedural bars, which the undersigned must also take into consideration.

> [i]n all cases in which a state prisoner has defaulted his federal
> claims in state court pursuant to an independent and adequate state
> procedural rule, federal habeas review of the claims is barred
> unless the prisoner can demonstrate cause for the default and actual
> prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claims will result in a
fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  The Supreme Court "recognize[s] the

important interest in finality served by state procedural rules, and the significant harm to the

States that results from the failure of federal courts to respect them."  *Id*.

"To establish cause for a procedural default, there must be something external to the

petitioner, something that cannot fairly be attributed to him."  *Johnson v. Puckett*, 176 F.3d 809,

816 (5th Cir. 1999).  Examples of factors that have been found to constitute cause include

"interference by officials" and "a showing that the factual or legal basis for a claim was not

reasonably available to [Petitioner]."  *McClesky v.* Zant, 499 U.S. 467 (1991).  Petitioner fails to

identify cause for the procedural default.  He does raise an ineffective-assistance-of-counsel

claim with respect to the indictment language, which the undersigned will address separately.

*See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  However, Petitioner does not identify any

external impediment that prevented him from raising the claim.

To establish a fundamental miscarriage of justice, a petitioner must provide the court with

evidence of actual innocence.  *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).  The

"fundamental miscarriage of justice" exception is limited to cases "where the petitioner shows,

as a factual matter, that he did not commit the crime of conviction."  *Id.*  A petitioner must

support his allegations of innocence with new, reliable evidence that was not presented at trial

and must show that it was "more likely than not that no reasonable juror would have convicted

him in light of the new evidence."  *Id.*  Although Petitioner insists that he is innocent of the

crimes of conviction, he has failed to support his allegations of innocence with new, reliable

evidence that was not presented at trial and that would make it more likely than not that no reasonable juror would have convicted him.[1]

**<u>Ineffective Assistance of Counsel</u>**

Petitioner raises two ineffective assistance of counsel claims.  Federal courts examine ineffective assistance of counsel claims pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To satisfy *Strickland*, petitioner must demonstrate not only that counsel was objectively deficient and not functioning as the counsel guaranteed the defendant by the Sixth Amendment, but also that this deficient performance prejudiced the defense.  *Id.*  To show that counsel's performance was deficient, petitioner "must identify the acts and omissions of counsel that are alleged not to have been the result of reasonable judgement."  *Id.* at 690.  For the second prong, in order to show that his defense was prejudiced, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different."  *Id*. at 694.  A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceeding.  *Id.*  The habeas petitioner need not show that his counsel's alleged errors "more likely than not" altered the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome." *Martin v. McCotter*, 796 F.2d 813, 816–17 (5th Cir. 1986).  In assessing prejudice, courts "must consider the totality of the evidence before the judge or jury."  *Strickland*, 466 U.S. at 695. Furthermore, "a court need not address both prongs [of an ineffective assistance of counsel claim,] ... but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test."  *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

---

[1] Petitioner argues that counsel should have called various character witnesses on his behalf to testify that he would "never do such a thing to anyone."  Doc. [11] at 5-6.  The undersigned will examine this uncalled-witness argument in a separate section of the Report & Recommendation.

**Failure to Object to Faulty/Void Indictment**

Petitioner contends that his attorney should have objected to the sufficiency of the indictment because it did not contain the word "feloniously".  In pre-trial motions, defense counsel challenged the sufficiency of the indictment on several points, including the relevant time frame, but he did not challenge the omission of the word "feloniously" from the indictment. *See* Doc. [8-10] at 6-8, 18-30, 42-45.  Nevertheless, Petitioner's argument is without merit.

Under Mississippi law, "[a]n indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Williams v. State of Mississippi*, 169 So. 3d 932, 935 (Miss. Ct. App. 2014) (quoting *Gilmer v. State of Mississippi*, 955 So. 2d 829, 836-37 (Miss. 2007)).  "[W]here an indictment tracks the language of the statute, the indictment sufficiently puts the defendant on notice of the charges against him in order to prepare his defense." *Hicks v. State of Mississippi*, 40 So. 3d 640, 642 (Miss. Ct. App. 2010).  The word "feloniously" is not found in the sexual-battery or gratification-of-lust criminal statutes.  *See* Miss. Code Ann. §§ 97-3-95(1)(d) & 97-5-23(1).  In this case, the indictment tracked the language of the criminal statutes, neither of which include the term "feloniously" as an essential element.  *See Jenkins v. State of Mississippi*, 325 So.3d 1195, 1199 (Miss. Ct. App. 2021) (holding that omission of word "feloniously" from indictment charging gratification of lust was not error because the term "feloniously" is not an element of the offense).  Accordingly, any objection by counsel regarding the omission of the word "feloniously" would have been meritless and cannot serve as the basis of an ineffective-assistance-of-counsel claim.  *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002).

**Presence for Jury Picking**

Petitioner argues that counsel was ineffective because he did not allow Petitioner to be present while the jury was being picked.  In fact, Petitioner states that he wanted to "pick [his] own jury" and that he did not know that he was supposed to pick the jury.  Doc. [11] at 5.  In a response in opposition to Respondent's answer, Petitioner further states that "counsel was ineffective for failing to allow Petitioner to be present to pick jury—after 'vordire' [sic]".  Doc. [9] at 1. In a subsequent pleading, Petitioner asserted that defense counsel "ordered me to leave the courtroom and my attorney picked the jury without me being present.".  Doc. [11] at 7.

The trial transcript makes clear that Petitioner was present during *voir dire*.  The trial court indicated to the prospective jurors that "Defendant is sitting next to Mr. Camp [Petitioner's defense attorney], and Mr. Camp, if you'll have Mr. Shoemaker stand."  Doc. [8-10] at 90. There is nothing in the trial transcript to suggest that Petitioner was absent at any point while prospective jurors were being questioned.  Petitioner apparently contends that he was not present while counsel was exercising peremptory strikes.  During the for-cause and peremptory challenge stage, the trial judge indicated that the proceedings were being conducted in the courtroom outside of the presence of the jury for the purpose of jury selection; however, he did not indicate whether Petitioner was present in the courtroom.  Doc. [8-11] at 7, 10.

A defendant has a constitutional right to be present during all critical stages of a criminal proceeding against him, including the jury selection process.  *United States v. Thomas*, 724 F.3d 632, 642 (5th Cir. 2014).  The Fifth Circuit has held that (1) "[T]he defendant must be present for the substantial majority of the jury-selection process;" and (2) "the defendant must be present in the courtroom at the moment when the court gives the exercise of peremptory challenges formal effect by reading into the record the list of jurors who were not struck."  *United States v.*

*Curtis*, 635 F.3d 704, 715 (5th Cir. 2011). Under Mississippi case law, a criminal defendant must be present during the questioning of prospective jurors; however, defendant's attorney can waive his client's right to be present during the peremptory challenges stage. *See Hughes v. State of Mississippi*, 807 So.2d 426, 431 (Miss. 2001). In this same context, the Mississippi Supreme Court held that a party is bound by the actions of his attorney and that personal waiver of the right to be present during peremptory challenges is not required. *Ibid.*

In the instant case, Petitioner clearly was present during the questioning of prospective jurors; a fact which he readily admits. *See* Doc. [9] at 1. However, he alleges that his attorney ordered him out of the courtroom during the picking of the jury, which the undersigned construes to mean he was absent while the attorneys exercised for-cause and peremptory challenges. Notably, Petitioner does not allege that he was absent when the trial judge read into the record the list of jurors who were not struck. To the contrary, the trial transcript reflects that Petitioner was present when the jury panel was announced. The trial judge announced the jury panel, excused the remaining prospective jurors, and then, without pause or recess, commenced the trial by reading preliminary instructions. Doc. [8-11] at 17-22. Immediately thereafter the attorneys gave opening statements, and the State called its first witness. *Id.* at 22-25. Thus, the record reflects that Petitioner was present both during the questioning of jurors and when the trial judge read into the record the list of jurors who were not struck. Accordingly, assuming *arguendo* that Petitioner was not present for the brief period of for-cause and peremptory challenges, counsel did not commit error of any constitutional magnitude in excluding Petitioner from the courtroom during this stage of proceedings.

Even if the Court were to conclude that his attorney's performance was somehow deficient in excluding Petitioner from this brief portion of the jury-selection process, Petitioner

has failed to argue any prejudice that resulted from counsel's action. He does not identify any jurors who should have been challenged for cause. Nor does he identify any jurors for whom peremptory challenges should or should not have been used. In the end, Petitioner offers no argument for how a different jury would have been chosen if he had participated in the for-cause and peremptory challenge stage. Nor does he explain how there is a reasonable probability that the outcome of the trial would have been different if he had participated in this portion of the jury-selection process. Petitioner's pleadings are completely silent on the issue of prejudice.

**Uncalled Witnesses**

In his response to Respondent's answer, Petitioner also argues that counsel failed to call various character witnesses on his behalf. According to Petitioner, these witnesses would have "shed some different light" or "paint[ed] a different picture" of him. Doc. [11] at 5. These witnesses would have testified that Petitioner would never have molested anyone. *Id.* at 6. Petitioner did not present this claim in his motion for post-conviction relief in State court. Thus, it has not been exhausted. Likewise, he did not raise this claim in his § 2254 petition. He asserts this claim for the first time in response to Respondent's answer. Notwithstanding the fact that his claim is not procedurally proper, the claim lacks merit.

"Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *Sayre*, 238 F.3d at 635-36. To show prejudice, the petitioner must "demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Of the six potential witnesses identified by Petitioner, one of them, Gloria Conger, actually testified at trial. Counsel attempted

unsuccessfully to secure the presence at trial of a second witness, Ricky Myers.  Petitioner fails

to demonstrate that the remaining uncalled witnesses were available to testify, fails to set out the

content of their proposed testimony, and fails to show how the testimony would have been

favorable to his defense.  As such, Petitioner's claim is both procedurally improper and lacks

merit.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Ricky Shoemaker's 28 U.S.C.

§ 2254 petition for writ of habeas corpus be denied and dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and

file written objections within fourteen (14) days after being served with a copy unless the time

period is modified by the District Court.  A party filing objections must specifically identify

those findings, conclusions and recommendations to which objections are being made; the

District Court need not consider frivolous, conclusive or general objections.  Such party shall file

the objections with the Clerk of the Court and serve the objections on the District Judge and on

all other parties.  A party's failure to file such objections to the proposed findings, conclusions

and recommendation contained in this report shall bar that party from a de novo determination

by the District Court.  Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection.  *Douglass v. United Services

Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

11

SO ORDERED AND ADJUDGED, this the 25th day of April 2022.

/s/ *Robert P. Myers, Jr.*

ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE